DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:      (415) 554-3837
E-Mail:          sean.connolly@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELVIRA M. POLLARD, individually; and the representative of ESTATE OF GUSTAVUS RUGLEY, JR., DOES 1-25,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT, CHIEF HEATHER FONG, *et al* , DOES 1 to 100,<br><br>Defendants. | Case No. C06-4541 VRW<br><br>[PROPOSED] **PROTECTIVE ORDER PURSUANT TO STIPULATION** |
|---|---|

     Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of documents in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

     GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. All documents containing peace officer Personnel Information or records of the citizen complaint that the defendants consider in good faith to be or to contain Confidential Official Information shall be subject to this Order and stamped or otherwise designated "Confidential."

2. All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, *etc.*, related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be considered Confidential Official Information, and confidential within the meaning of this stipulation.

3. Plaintiffs shall preserve the confidentiality and privacy of all Confidential Official Information and all Personnel Records.

4. (a) The Confidential Official Information shall be made available only to plaintiffs, deponents or trial witnesses, counsel of record, or experts engaged by the parties or counsel of record as needed to prosecute or defend this lawsuit.  Confidential Official Information may be disclosed to persons only to the extent necessary for the preparation or trial of this case.  The persons receiving such documents or information shall use them solely for the purpose of this litigation.  Confidential Official Information shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by agreement of the City.  (b) Personnel Information shall not be disclosed to any other person except as necessary to prosecute or defend this lawsuit and shall not be disclosed to any person without prior approval of the City or Court order.  <u>No copies or orignals of any document subject to this Order shall be produced to plaintiffs without written consent of the City or Court Order</u>.  Unauthorized disclosure of the substance, a summary, or any portion of a confidential document constitutes a violation of this Order.

5. In the event that any Confidential Official Information is disclosed to anyone beyond the scope of that permitted by this Order, whether by agreement or subsequent order, each person receiving such disclosure shall be shown a copy

|   |   |   |
|---|---|---|
| 1 |   | of this Order and shall sign a statement agreeing to be bound by this Order. |
| 2 |   | Defendants shall be provided notice of such disclosure at the time the |
| 3 |   | documents are returned.  Any violation of this Order is enforceable in contempt |
| 4 |   | proceedings. |
| 5 | 6. | Any use of Confidential Official Information, or comment on the contents of |
| 6 |   | any Confidential Official Information in pleadings or documents filed with the |
| 7 |   | court pursuant to this litigation, shall be filed in sealed envelopes pursuant to |
| 8 |   | Northern District Civ. Local Rule 79-5.  The sealed envelopes shall be |
| 9 |   | endorsed with the caption of this litigation, and an indication of the nature of |
| 10 |   | the contents of the envelopes and a statement substantially in the following |
| 11 |   | form: |

This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco.

|   |   |   |
|---|---|---|
| 15 | 7. | Nothing in this Order shall be deemed to:  (1) limit or waive any right of any |
| 16 |   | party to resist or compel discovery with respect to documents or other material |
| 17 |   | which may be claimed to be privileged or otherwise protected or protectable; |
| 18 |   | (2) preclude any party at any time from seeking and obtaining from the court, |
| 19 |   | on an appropriate showing, additional protection, including an order that |
| 20 |   | material shall not be produced at all; or (3) constitute a ruling on the |
| 21 |   | admissibility of any documents or other material as evidence in this action. |
| 22 | 8. | Any inadvertent disclosure made in violation of this Order shall be |
| 23 |   | immediately corrected by the offending party and does not constitute a waiver |
| 24 |   | of the terms of this Order, except by written agreement of the parties, or further |
| 25 |   | order of this court. |
| 26 | 9. | All documents covered by this Order and copies thereof (including those in the |
| 27 |   | possession of experts, consultants, *etc*.) will be returned to the City at the |
| 28 |   | termination of this litigation.  On final disposition of this case, plaintiff's |

counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all Information to the Deputy City Attorney of record in this matter.  The provisions of this Order, insofar as they restrict the communication and use of the documents or information covered by this Order, shall, without written permission of the City or further order of the court, continue to be binding after the conclusion of the action.

10. Should plaintiffs fail to comply with this agreement, plaintiffs and plaintiffs' counsel could be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the court.

11. This Order is subject to modification pursuant to motion procedures by either party.

Nothing in this agreement shall prevent Plaintiffs from seeking a court order challenging the confidential designation by defendants of these documents, nor shall this agreement prevent Defendants from seeking an order preventing disclosure of any documents deemed confidential or protected by law.

It is so stipulated.

Dated: September 28, 2006

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Attorney
        SEAN F. CONNOLLY
        Deputy City Attorney

        By:  /s/ Sean F. Connolly
        SEAN F. CONNOLLY

        Attorneys for Defendants

Dated: September __ 2006

        Micha Star Liberty
        Law Offices of Micha Star Liberty

        By:  /s/ Micha S. Liberty
        MICHA STAR LIBERTY

        Attorneys for plaintiffs

**ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

Date: October 6, 2006

By: _____
HONORABLE VAUGHN R. WALKER
UNITED STATES DISTRICT COURT