1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  ELVIRA POLLARD, INDIVIDUALLY          No   C 06-4541 VRW
    AND AS REPRESENTATIVE OF
13  ESTATE OF GUSTAVAS RUGLEY, JR,             ORDER

14          Plaintiff,

15      v

16  CITY AND COUNTY OF SAN FRANCISCO,
    ET AL,
17
            Defendants.
18
    _____/
19

20

21          On May 28, 2010, the court ordered plaintiff to show

22  cause why the case should not be dismissed for failure to prosecute

23  pursuant to FRCP 41(b).  Doc #93.  In her response, plaintiff

24  requested additional time to seek funds from the Federal Pro Bono

25  Project or to seek the assistance of a new attorney.  Doc #95 at 4.

26  On September 15, 2010, the court directed plaintiff to inform the

27  court of the status of her attempt to secure assistance.  Doc #100.

28  Plaintiff's response, filed three days after the deadline set by

United States District Court

For the Northern District of California

the court, explains that plaintiff has not secured funds or obtained new counsel.  Doc #101.  For the reasons set forth herein, the court determines that plaintiff has failed to prosecute her claims.  Accordingly, the case is DISMISSED pursuant to FRCP 41(b).

I

Plaintiff's claims arise from the death of her son, Gustavus Rugly, who was fatally shot by members of the San Francisco police department on June 29, 2004.  Doc #1 at 26.  On June 28, 2005, plaintiff filed in San Francisco superior court a complaint against the City and County of San Francisco.  The original complaint alleged negligence and intentional infliction of emotional distress.  Doc #73-2 at 2.  On June 28, 2006, plaintiff filed a first amended complaint alleging additional civil rights claims under 42 USC § 1983.  Doc #73-4 at 8-12.  The case was removed from San Francisco superior court on July 26, 2006.  Doc #1.

On December 1, 2006, plaintiff's counsel moved to withdraw and explained that, following counsel's review of discovery, counsel could not "in good faith and in compliance with the California Rules of Professional Conduct continue to represent Plaintiff in light of the current state of the law."  Doc #13 at 2. The court permitted counsel to withdraw.  Doc #19.

On July 10, 2008, plaintiff's current attorney, Marylon Boyd, made her first appearance in this case at a case management conference.  Doc #70.  Plaintiff moved to file a second amended complaint; on November 7, 2008 the court denied the motion in large part and permitted only a minor amendment.  Doc #82.

2

United States District Court

For the Northern District of California

The court held a further case management conference on September 17, 2009, and plaintiff informed the court that very little discovery had been conducted. Doc #87. Defendants noticed plaintiff's deposition for October 2009, but plaintiff failed to appear. Doc #98 ¶ 23. The court then scheduled another case management conference, which was held on May 27, 2010. Doc #94. At that time, plaintiff had made no progress pursuing her claims, and the court issued an order to show cause why the case should not be dismissed for failure to prosecute. Id.

Plaintiff responded to the order to show cause on June 16, 2010, one day after the deadline for doing so had passed, and informed the court that counsel for plaintiff lacked the resources to prosecute the case and requested time to obtain new counsel or to obtain funds from the Federal Pro Bono Project. Doc #95. Defendants replied that plaintiff's response was insufficient in light of the failure to plaintiff to conduct any discovery or otherwise prosecute the case in the four years it has been pending in federal court. Doc #97. Defendants argue that plaintiff's explanations for the delay are frivolous and furthermore do not show that plaintiff now is able to prosecute her claims. Id. On September 15, 2010, the court ordered plaintiff to inform the court of the status of her attempts to secure funds or obtain counsel. Doc #100. Three days after the deadline for doing so had passed, counsel for plaintiff informed the court that plaintiff had not secured funds or new counsel. Doc #101. Plaintiff has never informed the court of a specific plan to prosecute her claims.

3

## II

The court may dismiss a case for failure to prosecute pursuant to FRCP 41(b).  Link v Wabash RR, 370 US 626, 633 (1962). The court considers five factors in determining whether to dismiss for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Thompson v Housing Authority of City of Los Angeles, 782 F2d 829, 831 (9th Cir 1986). Prejudice to the defendants appears when plaintiff's actions impair defendants' ability to defend against plaintiff's claims or otherwise "threaten to interfere with the rightful decision in the case."  Malone v United States Postal Service, 833 F2d 128, 131 (9th Cir 1987).  Involuntary dismissal is a harsh sanction, and when possible, the court should consider imposing alternative sanctions before ordering dismissal.  Id at 130, 132.

Here, the first and second factors favor dismissal.  Both the court and the public have an interest in resolving the case, which has remained without progress on the court's docket for over four years.  The shooting death occurred over six years ago; plaintiff has still not formulated a plan to pursue her claims. Because plaintiff lacks a plan to proceed, without dismissal the case will likely linger on the court's docket indefinitely.

The third factor also favors dismissal.  Defendants argue their case will be prejudiced if the court does not order dismissal.  Defendants point to the six years that have passed since the shooting death of Rugley and assert that witnesses'

4

United States District Court

For the Northern District of California

memories surely have faded with the passage of time.  Doc #97 at 8.
Defendants state that some evidence is now unavailable through
discovery that may otherwise have been available had discovery had
progressed at a reasonable pace.  Id.  Plaintiff does nothing to
counter defendants' concerns that the only evidence now available
through discovery may be stale because of the amount of time that
has passed.

The fifth factor supports dismissal, as previous
encouragement and warnings have not convinced plaintiff to pursue
her claims.  The court has provided plaintiff with many
opportunities to conduct discovery and to formulate a plan to
proceed.  Since plaintiff's current counsel entered the case in
July 10, 2008, the court has held three case management conferences
and agreed to provide plaintiff additional time to conduct
discovery.  No discovery has occurred, and plaintiff failed to
appear at her own deposition.  The court warned plaintiff that it
was considering dismissing the case after the May 27, 2010 case
management conference; plaintiff has not provided the court with a
plan to proceed.  Neither extensions nor warnings have caused
plaintiff to act on her claims.

As in most cases, the fourth factor favoring decisions on
the merits weighs against dismissal.  Here, however, that factor
does not outweigh the other factors favoring dismissal.  The record
suggests that it may not be possible to reach a decision on the
merits of plaintiff's claims, as no discovery has been conducted
and plaintiff has no articulated plan to pursue her claims.  Thus,
while the court remands mindful of the strong public policy
favoring resolution of cases on the merits, the remedy of dismissal

pursuant to FRCP 41(b) is appropriate here to ensure the case does
not remain indefinitely on the court's docket.

                                III

        Plaintiff has not acted diligently to pursue her claims
in the four years this case has remained on the court's docket.
Accordingly, the case is DISMISSED pursuant to FRCP 41(b).  The
clerk is directed to terminate all motions and close the file.

        IT IS SO ORDERED.

_____

VAUGHN R WALKER
United States District Chief Judge